Good morning, Your Honors. Judge Okuda, Judge Kaczynski, Judge Berzon, Madam Clerk, Mr. Sandberg, welcome you all to Anchorage. My name is Nicholas Kittleson. It is my pleasure to be representing Mr. John Mitchell today. If it pleases the Court, I have just a couple minutes of thoughts that I'd like to start with and answer questions, but I'd like to reserve the majority of my time for rebuttal, if I may. The only issue that we're really looking at is whether or not Mr. Mitchell is a 5 U.S.C. 2105 employee or not. We agree on pretty much everything else. If he is, then he is not entitled to jurisdiction of the U.S. District Court. If he's not, then he is a Title I FMLA employee, and the District Court does have jurisdiction in that instance. Mr. Mitchell is not a 5 U.S.C. 2105 employee. He was not appointed, and he does not serve in a federal function set out by law or executive act. So how did he get his job? He applied for it, and he was hired by several people on the – or actually, one man on the flight or the ramp hired him. They asked because they needed more help on the ramp. And how do you get paid? I believe that the federal government does pay. Treasury checks, right? I believe that is correct. Or Treasury cash transfers, those green checks that they used to have. I think they're multi-color now, but yeah, I think they're multi-color. I haven't seen one of Mr. Mitchell's. There were appointment papers in the record, and there's a line for the appointing person, and there's a name there, right? Correct. Who was that? Well, we're talking about Julie Quinine. Is that the person? Right. Right. And does – Was she a delegate, an appropriate delegate, and she appointed him? No. Why not? First of all, there is no evidence that Ms. Quinine had appointment authority in this case. In fact, their own regulations state that there has to be a – Well, if he didn't, then Treasury would go after him for his paychecks because then he has been receiving federal funds without authorization, and that could be a felony if he cashes them. I mean, certainly he's subject to recovery of the wages, of the payments. Well, that – He's not acting pursuant to a proper appointment. That would assume that all people working for the federal government are appointees. And as we see in Bevins v. OPM – Well, we know that he is because he is – there was an appointment form, and there's now a question as, oh, did the person signing the appointment form have authority? If the person didn't have authority, then he shouldn't have gotten his wages, and then he's not entitled to those. Well, that, again, assumes that this is an appointed position as opposed to he was hired as a laborer to work out on the land. But it says that this – that was the personnel action. Uh-huh. It says that this was an appointment. No? I don't think so, Your Honor. It's confusing, and that's one of the things that I wanted to point out today, is that this – the government has always applied a strict construction to the interpretation of when does a person get appointed, when is he an appointee. And there is nothing in here – in fact, it was so ambiguous as to whether or not he was being appointed or if he was – It says right there, accept nature of action, accepted appointment. And we're looking at what? I'm looking at the Form 50B. It's field 5B of the form, if I can – it's so small. Can you tell me the excerpt of record number? That will get me there quicker. 20. I would assume that since this is the key document in the entire case that you might know what's on it, but – Right next to grade 170, nature of action, accepted appointment. Again, I mean, she never signed the form. You have the form there? It's coming up right now. Well, it says signature authentication, and, I mean, in this day and age, people don't necessarily sign things. I mean, with pens, they – But usually there's an indication of a slash as – Does this person exist? We know she exists. Yes, I have communicated with her. No, no, no, no, there isn't. Lots of times these things get done electronically and there's no slashes or anything. I mean, we see these forms all the time. We sign forms like this all the time for our personal staff and, you know, when they come, when they leave, when they get a – sometimes when they get a grade increase or whatever, you know, so this is not a strange form. But if the form is not valid, then he shouldn't be getting paid. I mean, he should not have gotten any wages. He shouldn't – I shouldn't have gotten any government money at all. And that's where I disagree, Your Honor, because Bevins v. OPM at 1546 says, not every person employed by the United States government has been appointed in the civil service. Well, nevertheless, he was, or he – He's reported to be. He reports to be, and all you're saying is this form that proposed to give him the job, your claim is not signed by somebody who has authority. The consequence of that is he hasn't got a job. The consequence of having it signed by somebody who has an authority is he's not employed at all by the federal government. He needs to give back what he was paid by the federal government. Our argument is that he just wasn't appointed. He still worked for the federal government. I mean, it's undisputed that he labored for the government. He's not a private employee. You can't just work for the federal government. You have to be – you have to have some appointment or some other form of authorization to make you an employee. So if you can point to something else where he is not appointed, where it's, you know, some sort of other status, that's fine. But the only thing you've pointed to is something that would, if at all, make it an appointment. And all you've argued is that it's not properly signed by anybody. And that's a dead end for you. Because all that means is he's not properly appointed. That doesn't make him some other kind of employee. And that has – and there are 13 cases that have been decided, all stating that if that last act is not accomplished, if we don't have the finishing act. In reading the facts of those cases, those cases were all more like the last case that was just argued. I mean, there was a – the person did not actually appear to be working for the federal government. He was officially working for somebody else. And the question was, was he really working for the federal government? This guy had every appearance of working for the federal government. So the cases that you're relying on have nothing really – no resemblance to this. Is there any case like this one where somebody is going in a day, working for a paycheck that is cut by the federal government directly and was hired by the federal government and in a job that purports to be an appointed job but wasn't considered appointed? I think all 13 of the ones that I'm thinking of, they are working for the federal government, whether it's Navy intelligence. Payroll for the federal government? Yes. I don't think so. Whether it's Navy intelligence. I mean, a lot of it – Well, I can say they were not. The Bevins case, which you cited, if I'm remembering right, was one with the CIA sets up a secret corporation that doesn't say anything federal about it and then hires people to work for this front corporation. And so although the corporation was federal in nature because it was put together by the CIA, presumably, they didn't go through any of the formalities and there was no direct indication that the employers were working for the federal government. And I think, as Judge Berzon says, it seemed to me that most of the cases you cited that I looked at were of that nature, where there was some question mark. Whereas here, in all appearances, your client was working for the federal government and you're saying, well, but they missed a step or there was something erroneous about the way they went about it. So are there any cases like that? Because I don't think I saw any that you cited. Well, let's take Gudos v. United States, for instance. Here, the person was working for the United States. There's no question about that. The person was temporarily assigned pending approval of his SF50 in order to do this new job. And so he's suing because he didn't get the benefits of that new higher ranking. And the reason that he did not receive or could not say that he received that appointment was because the SF52 in that case was never signed. I'm sorry, this is Gudos? Right, footnote one. I'm sorry, what's the case name again? Gudos v. United States. This is 552 Fed Second. You cite it as Federal Circuit, which is a little strange because there was no Federal Circuit in 1976. You must mean Court of Claims. Did I put Federal Circuit? It could have been a Court of Claims. There were several that were Court of Claims. There was no Federal Circuit in 1976. I can guarantee you that. So Federal Circuit didn't come out in existence until 82. 552 F Second 922 Federal Circuit 1976. There was no Federal Circuit in 1976. I can guarantee you that. I was there when the Federal Circuit came into existence, and it was 1982. October 1. So my site does say both. It says the Federal Circuit, and then it says United States Court of Claims. So it can't both be right, right? In any event, so it's a Court of Claims case, I gather, which is still reasonable authority. What does this stand for? What happened in Boudos? It's that the official never signed the SF-52, and they argued, and this is one of the three seminal cases that says if that last act isn't accomplished, then the person is not. He never signed it, meaning. Never signed the SF-52. And what was the consequence? What was the bottom line there? Is that he did not receive that appointment to that higher position. So this is a case where they said you don't get any benefits because the form wasn't signed, right? Right. He lost. Boudos lost. Yes. So this is a consequence of here. This was not signed by anybody. He hasn't got a job. He not only doesn't get any benefits, he has to pay back, give back his checks, what he was paid. I don't think so. I think he was just one of the laborers that the federal government employs, but it's not an official appointment. But it said it was. It does, yes. And it could be that these are the forms that the federal government uses from time to time to take these actions. It's not a form. It was typed in, accepted appointment. Yes. This is a pretty ordinary form that we use all the time. There's nothing unusual about this. This is exactly how people get appointed. And if there's something wrong with this form, the most that you can get out of it is that he loses whatever benefits he's gotten already. It doesn't turn him into something else. The form also says that they had him swear or sign the affidavit, but he never did that either. Well, he says he did, right? So there's obviously a conflict in the evidence on that question, which I gather was never resolved in that district court. Is that right? Correct. But the court gave us ample opportunities. But, again, the consequence of that is he doesn't get his money. If the formalities of appointment are not properly carried out and there's some defect, he has to pay back his salary. It doesn't turn him into something else. It doesn't make him a different kind of employee. It just means, whoops, we now start collecting back money from him for what he's gotten paid because there's no proper appointment. If the United States chooses to go after him. I think that, again, that argument assumes that everybody who is receiving a paycheck from the United States is an appointed person. But there are these categories of people who just, they're laborers. They don't raise their hand. They don't swear an oath. They don't sign. You say that, but I've never seen one. But even if there were, the only documentation we have of him being hired is this, which said that he was appointed. And, again, there's no appointment affidavit signed. I mean, that's another one of the things that's a requirement is that you have to have an SF-61. It's a document that should be produced. We'll keep going around in circles. All you're doing is you're calling into question this method of appointment. And all that buys you is he loses his job. If you're right about that, it doesn't make him some other kind of employee. You haven't made out a case that he was somehow some other kind of employee that's not appointed. All you've shown is a defective appointment, which only loses him benefit, doesn't gain him anything. Under the statute, if he isn't a title, he's a Title II employee, he's covered by the FMLA, but has different remedies, right, which he didn't use. Correct. Is that right? Right. I mean, it's too late to use now? I'm sorry? He would go through the Merit Systems Protection Board. And it's now too late? It's too late now? That I would have to research more if that's too late or not. And there's a tolling effect also, so it's going to depend on when he filed it in the district. Wouldn't it have been wise at some point to have filed that charge? I'm sorry? Wouldn't it have been wise at some point to have sought those remedies? I think as he understood it, he was a Title I employee and not a Title II employee. Well, he probably didn't understand anything about this. He was proceeding per se originally, and he'd never heard of this until this defense was raised. But once the defense was raised, and I don't know if he was the original lawyer that was brought in, but some lawyer was brought in. I am, yes. It seems that somebody might have told him that he should go and try to find out whether he can file a charge or he at least gets some remedy. But as we looked at this more and more and we saw the facts of this, that he had never signed an appointment affidavit, that the SF-61 was not executed, and those sorts of things, it more and more indicated that he's a Bevin's type of situation where not every person employed by the United States is an appointed employee. Then he has to be, as Judge Krasinski keeps saying, something else. And where's the something else? And that's what we're arguing, is that he's wage-grade. I thought the law is that you could be wage-grade and still be appointed. Sure, absolutely. The general service is just one classification. There's wage-grade, there's other. Schedule C's, SES, there's all sorts of classifications, employees in the federal government, but they're all appointed. But I haven't seen any authority that says that. I think that would be brand new. If this court decided that, then this court would be opening all of those categories then to be considered Title II rather than Title I employees. Now, that might affect FMLA, but it will also affect a number of different other benefits. And I have not seen the government argue that all of those other categories are. . . They argued it here because that's how I knew it. Say again? I said they argued it here because that's how I knew it. They cited, too, a document that lists those different categories, but that document did not say that they are all appointed positions. No way I'm going to try. Okay. Thank you for entertaining me as long as you have. Good morning. May it please the Court. Jeff Sandberg for the United States. Your Honors, clearly understand the import of the record evidence and the limited relevance of some of the case law that's been advanced by Mr. . . . Is there any case similar to this one? I have not been able to find one. I have not. Similar meaning somebody who was, in fact, operating as a federal employee and paid by the federal government, but who claims that he was entitled, for whatever purpose, not necessarily for FMLA purposes, that he was not appointed or who the government claims was not appointed because of a defect in the paper trail. No. And as far as I can tell, this is a novel argument because there is, in fact, only one way for a civilian working for the federal government to become a federal employee, and that is for the person to be appointed. There are military officers who are commissioned, and there's the President of the United States who's elected, but otherwise you're appointed. And there's nothing momentous about such a requirement in most cases, as Judge Kaczynski referred to. It's just a part of the paperwork processing. In most federal agencies, it's a member of the HR or personnel office who exercises the act of appointing, the act of appointment. Here it was an accepted appointment under the Jobs for Veterans Act. That's laid out right on the face of the Standard Form 50. There is no such thing as low-level, blue-collar workers who are just hired without being appointed, and it's, in fact, in order to avoid the common law employee analysis that the Court has just walked through in the previous case. The government has never contested that he was properly appointed here, and that's, I would submit, the end of the story as far as this case is concerned. I'd be happy to answer any other questions that may be on the Court's mind. Thank you. Thank you very much. The case has now been submitted.
judges: Kozinski, Berzon, Ikuta